## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS, LLC, *et al*.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered) |
| AMITYVILLE HORROR ENTERPRISES,<br>LLC, CINDY LEE STOCK, NOEL LUTZ,<br>GABRIELLE LUTZ AND MELISSA<br>IRWIN,<br><br>                Plaintiffs,<br><br>       v.<br><br>THE WEINSTEIN COMPANY, LLC AND<br>LANTERN ENTERTAINMENT LLC,<br><br>                Defendants. | Adversary Case No.: 18-50418 |

## <u>ANSWER OF LANTERN ENTERTAINMENT LLC</u>

Defendant Lantern Entertainment LLC ("Lantern"),[1] by and through its undersigned

attorneys, Pepper Hamilton LLP and Akin Gump Strauss Hauer & Feld LLP, for its Answer to

the Complaint, states the following:

---

[1] Solely for the Court's convenience in comparing this Answer to the Plaintiffs' Complaint, filed on May 2, 2018 (the "Complaint"), Lantern has reproduced in this Answer certain section headings provided in the Complaint, and also used defined terms set forth in the Complaint, with the understanding that such use has no substantive impact on this pleading. To the extent that a response to section headings is required, Lantern denies the allegations contained in the headings in the Complaint.

#48902808 v1

### ANSWER

1.      Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.      Lantern admits, upon information and belief, that certain Plaintiffs entered into certain agreements with Dimensions Films, respectfully refers the Court to the referenced agreements for the contents thereof, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

3.      Lantern admits, upon information and belief, that an agreement was entered into in 2002, respectfully refers the Court to the referenced agreements for the contents thereof, lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 of the Complaint, and further states that the allegations in Paragraph 3 of the Complaint contain legal conclusions to which no response is required.

4.      Lantern states that the allegations in Paragraph 4 of the Complaint contain legal conclusions to which no response is required, and respectfully refers the Court to the 2011 Agreement for the contents thereof. To the extent an answer is required, Lantern denies the allegations in Paragraph 4 of the Complaint.

5.      Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.      Lantern states that the allegations in Paragraph 6 of the Complaint contain legal conclusions to which no response is required, respectfully refers the Court to the 2011 Agreement for the contents thereof, and further states that Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Lantern denies the allegations contained in Paragraph 7 of the Complaint, except admits that the Weinstein Company, and other entities filed petitions under Chapter 11 of the Bankruptcy Code and that the Debtors filed a Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount, and respectfully refers the Court to the docket and referenced filings in *In re The Weinstein Company Holdings, LLC, et al.*, Bankr. D. Del., Case No. 18-10601 (MFW) for the contents thereof.

8.      Lantern admits that Plaintiffs purport to seek the relief identified in Paragraph 8 of the Complaint and further states that the allegations in Paragraph 8 of the Complaint contain legal conclusions to which no response is required.

## THE PARTIES

9.      Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Lantern admits the allegations contained in Paragraph 11 of the Complaint and respectfully refers the Court to the docket in *In re The Weinstein Company Holdings, LLC, et al.*, Bankr. D. Del., Case No. 18-10601 (MFW) for the contents thereof.

12.      Lantern admits the allegations contained in Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.      Lantern states that the allegations in Paragraph 13 of the Complaint contain legal conclusions to which no response is required.

14.      Lantern states that the allegations in Paragraph 14 of the Complaint contain legal conclusions to which no response is required.

15.     Lantern admits that Plaintiffs, in Paragraph 15 of the Complaint, purport to consent to entry of a final order or judgment and respectfully refers the Court to Delaware Local Bankruptcy Rule 7008-1 for the contents thereof.

## STATEMENT OF FACTS

16.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Lantern admits that George Lutz entered into the Barstu Agreement, respectfully refers the Court to the Barstu Agreement and the other referenced agreements for the contents thereof, and states that Lantern lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and further states that the allegations in Paragraph 18 contain legal conclusions to which no response is required.

19.     Lantern admits that Amityville Enterprises entered into the 2011 Agreement with the Weinstein Company, respectfully refers the Court to the 2011 Agreement for the contents thereof, states that the allegations in Paragraph 19 of the Complaint contain legal conclusions to which no response is required, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Lantern states that the allegations in Paragraph 20 of the Complaint contain legal conclusions to which no response is required and respectfully refers the Court to the 2011 Agreement for the contents thereof.

21.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Lantern states that the allegations in Paragraph 23 of the Complaint contain legal conclusions to which no response is required and respectfully refers the Court to the 2011 Agreement for the contents thereof.

24.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Lantern states that the allegations in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Lantern denies the allegations in Paragraph 25 of the Complaint and respectfully refers the Court to the 2011 Agreement for the contents thereof.

26.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and further states that the allegations in Paragraph 26 contain legal conclusions to which no response is required.

27.     Lantern states that the allegations in Paragraph 27 of the Complaint contain legal conclusions to which no response is required and respectfully refers the Court to the 2011 Agreement for the contents thereof.

28.     Lantern states that the allegations in Paragraph 28 of the Complaint contain legal conclusions to which no response is required, respectfully refers the Court to the 2011 Agreement for the contents thereof, and further states that Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

#48902808 v1

29.     Lantern states that the allegations in Paragraph 29 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except admits the Weinstein Company and a number of its affiliates filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 19, 2018.

30.     Lantern admits the allegations contained in the first sentence of Paragraph 30 of the Complaint, denies the allegations contained in the second sentence of Paragraph 30 of the Complaint, and respectfully refers the Court to the docket and filings in *In re The Weinstein Company Holdings, LLC, et al.*, Bankr. D. Del., Case No. 18-10601 (MFW) for the contents thereof.

31.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Lantern admits that the Debtors filed Bankruptcy Schedules on April 23, 2018, and respectfully refers the Court to the docket and filings in *In re The Weinstein Company Holdings, LLC, et al.*, Bankr. D. Del., Case No. 18-10601 (MFW) for the contents thereof.

33.     Lantern states that the allegations in Paragraph 33 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Lantern states that the allegations in Paragraph 34 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

#48902808 v1

35.     Lantern lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint that relate to the Weinstein Company or the Debtor, admits the allegations that Amityville Enterprises has contacted Lantern, and states that the allegations contained in the second sentence of Paragraph 35 of the Complaint contain legal conclusions to which no response is required.

## PRAYER FOR RELIEF

### Declaratory Judgment

36.     Lantern, with respect to Paragraph 36 of the Complaint, repeats and realleges each and every response to Paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

37.     Lantern denies that Plaintiffs are entitled to any relief, including a judgment against Lantern.

## AFFIRMATIVE DEFENSES

Lantern's assertion of affirmative defenses herein is not a concession that Lantern bears the burden of proof on any issue as to which Plaintiffs otherwise would bear the burden of proof. By raising these defenses, Lantern does not waive or limit any defenses which are or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Lantern to raise other and further defenses.  Lantern reserves the right to add, alter or amend its defenses and affirmative defenses as the course of discovery so requires.

## FIRST DEFENSE

38.     Plaintiffs have failed to state a claim for which relief may be granted against Lantern.

## SECOND DEFENSE

39.    Plaintiffs' claims against Lantern are barred under principles of estoppel, laches,

waiver, ratification, acquiescence, accord and satisfaction, unclean hands, and failure to use due

care.

## THIRD DEFENSE

40.    Plaintiffs have failed to establish the existence of an actual and justiciable

controversy between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Lantern respectfully requests that the Court:

(a)  Enter an order dismissing the Complaint with prejudice;

(b)  Grant such other, further and different relief as the Court deems proper.

Dated:  Wilmington, Delaware          By: /s/ Evelyn J. Meltzer
        June 1, 2018          David B. Stratton (No. 960)
        Evelyn J. Meltzer (No. 4581)
        PEPPER HAMILTON LLP
        Hercules Plaza, Suite 5100
        1313 N. Market Street, P.O. Box 1709
        Wilmington, Delaware 19801
        Tel: (302) 777-6500

*and*

Michael S. Stamer
Abid Qureshi
Meredith A. Lahaie
Jennifer L. Woodson
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

*Counsel for Lantern Entertainment LLC*

8